**People, etc., for the use of the Parry Mfg. Co. v. Bushrod W. Ham, William B. Womack, Frank Spitler, Z. T. Deeds, J. B. Titus and R. M. Peadro.**

1.  JUSTICE OF THE PEACE—*Title Not to be Questioned in a Collateral Proceeding.*—The question as to whether a person legally holds and exercises the functions of the office of a justice of the peace can not be raised collaterally; it can only be raised in a direct proceeding.

2.  SAME—*Proof of Official Capacity.*—Where a matter in controversy depends upon the proceedings in justice's court, it is competent to show by the justice that at the time the proceedings were had, he was acting as a justice of the peace and that a certain docket and the entries therein are his.

3. SAME—*Commission Not Void for Surplusage.*—The commission of a justice of the peace is not void because in that part of it declaring the election of the person to the office it is stated that he has been elected to the office of justice of the town of Sullivan, in the county of Moultrie, etc., and in that part authorizing him to hold the office and execute the duties thereof, it is stated that he is commissioned a justice for *said town of Moultrie* in said county, etc. There being no town of Moultrie in Moultrie County, the words "of Moultrie" are superfluous, and are to be rejected as such.

**Debt,** on a constable's bond. Appeal from County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded. Opinion filed February 9, 1898.

MEEKER & MEEKER, attorneys for appellant.

When the interest of the public or of third parties are involved, the party interested is only bound to show him to be an officer *de facto*. Schemerhorn v. Mitchell, 15 Ill. App. 425.

R. M. PEADRO, attorney for appellees.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellant against Bushrod W. Ham and his sureties, appellees herein, on his official bond as a constable of Sullivan Township, Moultrie County, for default in not paying over certain moneys he had collected on an execution issued by John V. Burns, a justice of the peace of Sullivan Township, and placed in his hands to execute. This case was tried in the County Court of Moultrie County by the court with a jury, on an appeal from a justice of the peace. The verdict of the jury was for appellees. Judgment was entered on the verdict. The case is brought to this court by appellant to reverse this judgment.

On the trial in the court below the appellant, to maintain the issues on his part, offered to prove by John V. Burns that he, Burns was a justice of the peace for Sullivan Township, Moultrie County, Illinois, on the eighteenth day of February, 1895, and until the first day of May, 1897. To this proof appellee's counsel objected, and the court sustained the objection on the grounds that his commission was the best evidence of such fact.

Appellant then offered the commission of John V. Burns as a justice of the peace. To this appellees objected, and the court refused to allow the same to be read in evidence, and assigned as his reason therefor that his commission did not commission John V. Burns a justice of the peace for Sullivan Township, Moultrie County, Illinois, but commissioned him "for said town of Moultrie."

The appellant then offered to prove by said witness Burns that he was an acting justice of the peace from the eighteenth day of February, 1895, to the first day of May, 1897, inclusive, and that the justice of the peace docket marked A. was his docket during that time, and that all the entries therein were made by him as such acting justice of the peace. The appellant then offered in evidence the witness Burns' docket marked docket A. To the introduction of this proof appellees objected and the court sustained the objections, assigning as his reason therefor that the witness Burns' commission was void and that he was not an acting justice of the peace so as to effect the rights or bind appellees. To each of the rulings of the court in sustaining appellee's objections to the testimony offered on the part of appellant, proper exceptions were taken by appellant and preserved in the record.

The appellant further offered to introduce in evidence the judgment and the record of the proceedings

appearing on page 84 of docket marked A., showing a judgment entered by John V. Burns, justice of the peace, in favor of Parry Manufacturing Company and against Finley Jeffres for the sum of $97.15 entered February 28, 1895, and the issue of an execution on the eighteenth day of January, 1896, and appellee Ham's receipt for the execution. To the introduction of which the appellees objected and the court sustained the same and appellant excepted to the ruling of the court.

It is very apparent from the objections interposed by appellees and the rulings of the trial court, that the right of John V. Burns to exercise the functions of and hold the office of a justice of the peace for the town of Sullivan in the county of Moultrie is directly challenged. The trial court held by his rulings that he was not a justice of the peace *de facto* or *de jure*, that his acts were void as such. The judgment entered and the execution issued thereon by him were void. The question whether he holds and exercises the functions of the office of a justice of the peace legally or not, can not be raised in a collateral proceeding; it can only be raised in a direct proceeding. Burgess v. Davis et al., 138 Ill. 578; Town of Lewiston v. Proctor, 23 Ill. 533; The People ex rel. v. Matteson et al., 17 Ill. 167; Prichett et al. v. People, 1 Gilm. 525. We think the court below erred in not allowing appellant to prove that John V. Burns was an acting justice of the peace, and that docket marked A. was his docket and the entries therein were his and in not allowing the docket to be offered in evidence.

We do not think a proper foundation was laid to prove the contents of the execution, and the ruling of the court in refusing this evidence was proper.

The commission issued to John V. Burns by the Governor of the State, as a justice of the peace for the town of Sullivan, county of Moultrie, State of Illinois,

on the twenty-sixth day of April, 1893, is a valid commission, and all acts done by him as a justice of the peace under such commission are valid and binding.

It is claimed that this commission is void because in that part of the instrument declaring the election of John V. Burns to the office of justice of the peace. it is declared he has been elected to the office of justice in the town of Sullivan, county of Moultrie, State of Illinois, and in that part authorizing and empowering him to execute and fulfill the duties of that office he is commissioned as a justice of the peace for *said town of Moultrie in said county*.

The language of the commission which we are called upon to construe is as follows: "Know ye that John V. Burns, having been duly elected to the office of justice of the peace in the town of Sullivan, county of Moultrie, State of Illinois, on the first Tuesday in April, 1893, and having given bond and taken the oath prescribed by law.

"Now, therefore, I, John P. Altgeld, Governor of the State of Illinois, for and on behalf of the people of said State, do commission him justice of the peace for said town of Moultrie in said county, etc."

It is evident from a reading of this commission that the Governor intended to commission John V. Burns a justice of the peace for the town of Sullivan in Moultrie County. It is also clear that the town for which he intended to commission him had been mentioned in the commission before the town of Moultrie, because the language is—"I do commission him for said town." The only town before mentioned is the town of Sullivan. There is no town of Moultrie in Moultrie County, a fact of which this court will take judicial notice. The People, use, etc., v. Suppiger et al., 103 Ill. 434. It is apparent that the words "of Moultrie" are superfluous,

unnecessary and extraneous, and should be rejected as surplusage.

By rejecting them the clear meaning and intent of the instrument is affected. Yocum v. The Town of Waynesville, 39 Ill. 220; Griffith v. Furry, 30 Ill. 251.

The judgment of the court below is reversed and the cause remanded.